UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ALBERT REGINALD ROBINSON, <br> Plaintiff, <br> v. <br> ADAM KANDULSKI, ET AL., <br> Defendants. | No. 2:16-CV-226 <br><br> HONORABLE PAUL L. MALONEY |

# OPINION

## I. Background and Procedural Posture

This is a civil rights action brought by a *pro se* state prisoner under 42 U.S.C. § 1983. He alleges Defendants Millette, Merling, and Filion conspired to deprive him of medical care for his enlarged prostate and that other Defendants in the suit denied him the use of the bathroom except during specific times because of his race.

Defendants Merling, Filion, Ross, Golladay, Cusick, and Benoit filed a motion for summary judgment based on administrative exhaustion. Defendant Millette filed a motion for summary judgment on the merits of Plaintiff's claims. Plaintiff has also filed a motion for a physical examination and treatment.

United States Magistrate Judge Timothy Greeley issued an R & R recommending that the Defendants' motion for summary judgment on the basis of exhaustion be denied as to all Defendants except Filion, that Defendant Millette's motion for summary judgment be granted, and that Plaintiff's motion for a physical examination and treatment be denied.

Now pending before the Court are five different sets of objections filed by Plaintiff. (ECF Nos. 100–104.) However, as an initial matter, Plaintiff's objections to rulings of the

district court—rather than rulings from the magistrate judge—are improper. Federal Rule of Civil Procedure 72 and Title 28 of the United States Code Section 636 provide a procedural vehicle for review of a magistrate judge's rulings—not of the District Court.

Thus, Plaintiff's objection to the denial of his second motion for reconsideration (ECF No. 100) is not cognizable on review at this stage; Federal Rule of Civil Procedure 60(b) does not apply. At this point, Plaintiff's remedy is to seek an appeal to the Sixth Circuit Court of Appeals—but only after final judgment has been rendered in his case. Second, Plaintiff's objections to this Court's order granting Plaintiff an extension to file his objections to the R & R (ECF No. 103) do not raise any issues for the Court to review for the same reasons.

That leaves Plaintiff's lengthy objections to the R & R (ECF No. 104), as well as his objections to Judge Greeley's order denying him counsel, discovery of medical records, and indigent copying (ECF No. 101) and his objections to the denial of his motion to amend his complaint to add a defendant (ECF No. 102).

## II. Legal Framework

A. Appeals from Non-Dispositive Opinions and Orders

Orders of magistrate judges on non-dispositive matters can be appealed under 28 U.S.C. § 636(b)(1)(A). *See also* W.D. Mich. LCivR 72.3(a). Legal conclusions are set aside if they are contrary to law. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980).

B. Objections to the R & R

The Court is required to make a de novo determination of those portions of the R & R to which specific objections have been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

III. Discussion

A. Appeals from Non-Dispositive Orders

First, the Court takes up Plaintiff's appeal (ECF No. 101) from the Magistrate's order denying Plaintiff counsel, denying discovery of medical records and indigent copying. (ECF No. 90.) The Court has reviewed Plaintiff's appeal and finds it to be without merit. Plaintiff has no constitutional right to appointment of counsel in this civil matter, and the Court finds that the Magistrate's ruling was not contrary to law in any respect. Plaintiff's appeal from the Magistrate's order will be denied.

Second, Plaintiff appeals (ECF No. 102) the Magistrate's denial of his motion to amend his complaint to add a defendant. (ECF No. 91.) The Court concludes that the Magistrate's conclusion was not contrary to law because Plaintiff brought the motion nearly one year after initiating the suit, despite having knowledge of all claims that he wished to add prior to filing. Additionally, he did not file a proposed amended complaint. Therefore, Plaintiff's appeal from the Magistrate's order will be denied.

## B. Objections to the R & R

Plaintiff has filed, by the Court's count, approximately twenty objections to the R & R. Although the first seven objections are numbered, the remainder, unfortunately, are not.

Plaintiff first objects that Judge Greeley did not give him time to complete and mail a reply to Millette's reply to his motion for summary judgment before issuing the R & R recommending that Millette's motion for summary judgment be granted. However, Plaintiff was not entitled to file a surreply to Millette's motion for summary judgment under the Local Civil Rules. If Plaintiff wanted to file a surreply, he was required to first seek the leave of Court, which he did not do. Accordingly, this objection has no merit.

Plaintiff next objects to Judge Greeley's conclusion that he did not exhaust his claims as to Defendant Filion. Plaintiff claims that grievance URF 1608-2938-28L exhausted his claims. That grievance was rejected at Steps II and III. The Step III response does clearly state that Plaintiff's grievance was rejected due to his failure to comply with the procedural rule that requires timely appeal. Generally, when prison procedural bars prevent full exhaustion of a grievance, it cannot be used to exhaust a claim in litigation.

Plaintiff does not dispute that his Step III response was rejected as untimely. But he raises the fact that he was transferred from the facility to another prison while grieving this issue. The grievance was originally filed on August 8, 2016, and returned to him on August 12, 2016. He kited the grievance coordinator the next day, but was transferred to the Kinross facility two days later on August 15. Accordingly, he did not receive the Step II appeal form until August 25. He says that he immediately responded, but that the appeal was not received until September 6, 2016. Accordingly, he argues that his grievance was improperly rejected

4

because the Michigan Department of Corrections policy PD 03.02.130(g)(3) states that a grievance shall not be deemed untimely if there was a valid reason for delay, including transfer. Because Plaintiff persuasively argues that his grievance should not have been rejected pursuant to this Policy Directive, the Court agrees that he has exhausted his claims against Defendant Filion. The R & R shall be modified to incorporate this ruling.

Third, Plaintiff objects "to page 8 paragraph 1 and 2 because [he] did place verifying medical evidence on the record . . . ." (ECF No. 104 at PageID.1377.) However, the paragraphs Plaintiff cites are reciting Defendant Millette's argument and setting forth the standard for an Eighth Amendment claim. It's not clear what exactly about these paragraphs is objectionable to Plaintiff. The Court will construe the objection more generally—as Plaintiff argues in the body of the objection that Judge Greeley refused to include information that another medical provider at the prison, Danielle Paquette told him that "he has a history of BPH and initial complaints of frequency, hesitency [sic] decreased stream from back in 2014, he was never treated with medical therapy." The Court will address this argument below, because Plaintiff makes several variations of it throughout his objections.

From these allegations, the Court infers that Plaintiff is objecting to page 10 of the R & R, which summarizes Plaintiff's allegations that Defendant Millette first diagnosed him with an enlarged prostate on February 26, 2014, but never informed him of the condition or treated it. He further asserts that he was never provided with these medical records and Defendants have continually represented that they do not exist. His evidence consists of a single report generated by his examination with PA Paquette on October 28, 2015. That report indicates that Plaintiff had "a history of BPH and initial complaints of frequency,

5

hesitency, [sic] decreased stream from back in 2014." The report also indicated that his last exam in February of 2015 was "normal."

Apparently, Plaintiff wants the Court to infer from Paquette's statement that he was diagnosed with BPH by Millette in the contested February 26, 2014 examination and never treated. However, Paquette's report clearly indicates that the complaints of *symptoms* that could be attributable to BPH began in 2014—*not* that the initial diagnosis was made at that time. Further, since his prostate appeared "normal" in a prior examination on November 5th, 2013 (conducted at Saginaw Correction Facility) and a later examination conducted on February 25, 2015 by Dr. Moya, there is no evidence to support Plaintiff's claim. Even assuming Plaintiff did have an exam in February of 2014—despite all evidence to the contrary in the record—there is no indication that it revealed an enlarged prostate. Finally, Plaintiff's statement that Paquette told him that that the prior diagnosis "had been deleted" is hearsay that does not fall into any exception as discussed *infra*. Accordingly, to the extent that Plaintiff is challenging findings of fact, the Court finds that Plaintiff has not met his burden by showing the proposed findings of fact to be clearly erroneous.

Fourth, Plaintiff objects that "Millette and Merling did in fact conspire to sabotage a post void test" in violation of his First Amendment rights. Again, it appears that the page numbers have been lost in translation, because there is no reference to the post void test on page 8. Plaintiff asserts that Merling "refus[ed] to give the catheter time to work . . . ." He also alleges that Millette "was furious" with him, so "Merling communicated with him to just sabotage the test by removing the catheter after only a few seconds."

6

Even in the light most favorable to Plaintiff, the evidence does not support his conspiracy claim. The evidence shows that Millette ordered the exam on June 10, 2014 after Plaintiff complained of ongoing urinary problems. Defendant Merling provided the test on June 12, 2014. There is no evidence whatsoever of a common plan or conspiratorial objective between Millette and Merling to deprive him of medical care, beyond Plaintiff's unsupported assertion that Millette was "furious" with Plaintiff. This is insufficient to support a claim at the summary disposition stage for a claim of civil conspiracy.

Plaintiff's fifth objection is a continuation of the fourth—he says that his exhibit labeled 6-12-14-A, "prov[es] that [Merling] remove[d] the catheter prematurely because that medical report documents Plaintiff's statement that he felt like his bladder had not been completely emptied by the catheter. The Court does not follow how this statement allegedly proves the conspiracy to retaliate against Plaintiff. It is not evidence of a civil conspiracy, even in the light most favorable to Plaintiff.

Plaintiff's sixth objection is that Danielle Paquette's statement "Millette diagnosed you in early 2014 and never treated you with medical therapy" is admissible under Federal Rule of Evidence 801. Paquette is not an opposing party and is not a coconspirator under 801(d)(2)(E), nor does 801(d)(1) apply because the statement was not made under penalty of perjury and is not offered to rehabilitate her credibility or rebut a challenge to the accuracy of the statement. Her alleged out of court statements that Millette diagnosed Plaintiff with BPH in 2014 and deleted the diagnosis from Plaintiff's file are being made for the truth of the matter asserted and are not subject to any exception. They are inadmissible and cannot support Plaintiff's arguments at the summary judgment phase.

Plaintiff's seventh objection is a reprisal of his second objection—that he could not exhaust grievance 16087-2938-28J because of his transfer to another prison. The Court has already indicated that it agrees and will modify the R & R to hold that Plaintiff has exhausted his claims as to Filion.

Unfortunately, Plaintiff stopped numbering his objections at this point, and the objections themselves become significantly less coherent.

Plaintiff next objects—again—that Paquette's statements are admissible under FRE 801. The Court has addressed this argument. Plaintiff then objects that he "is not merely asserting that Millette's medical records are incomplete" because he has provided evidence that the February 26, 2014 records that the records are incomplete. As support, he cites two exhibits—13B and 12F. Exhibit 13B is the Step II response to grievance 1604-1541-12D2 which states "Review of the electronic medical record fails to locate any record of a digital rectal exam . . . . Per documentation of MP Millette's visit with grievant on 2/26/14, grievant declined the examination on that date." Exhibit 12F says the same, "I do not find an early 2014 note from [Millette] saying enlarged prostate[,] the exam on 2-26-14 says it was declined. Sorry[.]"Each of these records indicate that no test was performed. There is no evidence of a conspiracy to deny Plaintiff access to his medical records.

Plaintiff next objects that he had filed several complaints relating to his urinary troubles, so that "Millette knew I had BPH because frequent bathroom use and hesitency are the main symptoms of BPH." The Court will not impute a diagnosis of BPH based on reports that Plaintiff had common urinary issues that can be attributed to a plethora of common ailments. In other words, just because Plaintiff had filed grievances that he

experienced urinary issues consistent with BPH, it does not follow that the grievances were sufficient information for Millette to form a diagnosis.

Plaintiff next objects that the R & R indicates that Dr. Moya reported that he requested Motrin but did not mention any pain during his 2-25-15 exam. This is taken verbatim from Dr. Moya's written report—the fact that Plaintiff initiated other grievances approximately two years prior (included as exhibits 1a through 1f) for pain does not change the contents of Dr. Moya's report. Plaintiff also reiterates the above objections and argues that Judge Greeley is biased. The Court does not find that Plaintiff has supported these arguments.

Finally, Plaintiff argues that Judge Greeley erred by denying his request for a physical examination and treatment at a facility not associated with the MDOC because he believes he cannot receive proper treatment under the care of the MDOC. Judge Greeley properly analyzed Plaintiff's motion under the standard for injunctive relief and concluded that Plaintiff had not met his initial burden by showing a strong likelihood of success on the merits and that irreparable harm was likely to occur. The Magistrate also concluded that the public interest weighed against granting the injunction because interference of the federal courts with state prison administrative matters is necessarily disruptive.

Plaintiff objects that he can show a strong medical need and that the prison system would not be harmed by an injunction. The Court does not find these arguments persuasive. The Court finds that *Glover v. Johnson* controls and that Plaintiff has not made the requisite showing of a violation of a constitutional magnitude as required for injunctive relief. 855 F.2d 277, 286–87 (6th Cir. 19878). Accordingly, the Court will affirm the Magistrate's order denying Plaintiff injunctive relief.

## ORDER

For the reasons in the accompanying opinion, **IT IS ORDERED** that the January 18, 2018 R & R (ECF No. 92) is **MODIFIED** to hold that Plaintiff exhausted his claims as to Defendant Filion and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the R&R (ECF No. 104) are **SUSTAINED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Magistrate's Orders (ECF Nos. 90, 91) are **AFFIRMED** and Plaintiff's Appeals (ECF Nos. 100–103) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Millette's motion for summary judgment (ECF No. 69) is **GRANTED.** Defendant Millette is **DISMISSED** from this action **WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment on the basis of exhaustion (ECF No. 31) is **DENIED.**

**Date:** March 6, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge