UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALBERT REGINALD ROBINSON,

       Plaintiff,

v.                                           Case No. 2:16-cv-226
                                               HON.  PAUL L. MALONEY

ADAM KANDULSKI, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a "Motion for Preliminary Injunction" (ECF No. 110).  Plaintiff's complaint alleges that Defendants violated his Eighth Amendment rights by denying him necessary medical care and by prohibiting him from using the restroom as needed.  Plaintiff requests injunctive relief against librarians Suriano and Goldberg.  Neither Suriano or Goldberg are Defendants in this action.  Plaintiff is seeking more law library time than he is currently allowed.  Plaintiff has filed a "motion for contempt outside the presence of the court" (ECF No. 117) requesting that librarian Suriano be held in contempt, arrested, and required to pay damages for denying him photocopies related to his preliminary injunction motion.  Plaintiff filed a motion for "expedited consideration requested motion for photocopying and charge it to prisoner (plaintiff) account, expedited consideration motion for counsel."  (ECF No. 118).

The issuance of preliminary injunctive relief is committed to the discretion of the district court.  *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987).  In exercising that discretion, the court must consider and balance four factors:

> 1.  Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the named Defendants have violated his federal rights. Moreover, Plaintiff is seeking injunctive relief against individuals who are not Defendants in this case. The Court does not have jurisdiction over individuals that are not parties to this action. *Zenith Radio Corp., v. Hazeltine Research Inc.*, 395 U.S. 100 (1969). Moreover, Plaintiff's request for injunctive relief is unrelated to the underlying action in this case. *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212,

220 (1945) (preliminary injunction appropriate to grant relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit.") In the opinion of the undersigned, injunctive relief is not appropriate in this case. Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

In addition, Plaintiff requests that the Court find librarian Suriano in contempt for not making photocopies and stating that she needs to read Plaintiff's motion to understand why Plaintiff needs photocopies before she approves his request. Plaintiff has not shown that librarian Suriano violated a Court order. It is recommended that Plaintiff's request for an order for contempt be denied. Plaintiff again requests appointment of counsel. In the opinion of the undersigned, for the reasons previously stated by this court, appointment of counsel is not warranted.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for injunctive relief (ECF No. 110) be denied. It is further recommended that Plaintiff's motions (ECF No. 117 and 118) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   April 6, 2018