UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| ALBERT REGINALD ROBINSON, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:16-CV-226 |
| v. | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| ADAM KANDULSKI, ET AL., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

### I.

This is a civil rights action brought by a *pro se* state prisoner under 42 U.S.C. § 1983. Now pending before the Court are Plaintiff's objections to a Report and Recommendation issued by the magistrate judge on Plaintiff's motion for a preliminary injunction (ECF No. 110), Plaintiff's "motion for contempt outside the presence of court," and motions relating to photocopying and appointment of counsel. (*See* ECF No. 118).

### II.

A. Appeals from Non-Dispositive Opinions and Orders

Orders of magistrate judges on non-dispositive matters can be appealed under 28 U.S.C. § 636(b)(1)(A). *See also* W.D. Mich. LCivR 72.3(a). Legal conclusions are set aside if they are contrary to law. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980).

B. Objections to the R & R

The Court is required to make a de novo determination of those portions of the R & R to which specific objections have been made, and may accept, reject, or modify any

or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

### III.

Plaintiff has filed five objections to the R & R. He first objects to the R & R's characterization that he has been "seeking more law library time than he is allowed." Plaintiff asserts that prisoners are given hours according to their need. Ultimately, this objection—how to characterize the injunctive *relief* that Plaintiff seeks—has little to do with the merits of the R & R's recommended dispositions.

Second, Plaintiff objects to the R & R's conclusi on that the Court lacks jurisdiction over nonparties Suriano and Goldberg. He asserts that nonparties "may be added in [because] they are in concert with defendants currently being sued [in this case]." Plaintiff apparently relies on Federal Rule 65(d)(2)(C) in support of this argument. However, Plaintiff has supplied no evidence that Suriano or Goldberg were acting in concert with the Defendants. Moreover, Plaintiff does not contest the R & R's conclusion that the request for injunctive relief was unlikely to succeed on the merits or that the injunctive relief he seeks is unrelated to the underlying action in this case. Accordingly, the Court finds that the R & R properly recommended denying the motion for a preliminary injunction.

Third, Plaintiff asserts that he "object[s] to the magistrate's denial on page three[]" because Suriano allegedly violated a Policy Directive which allowed prisoners to receive

2

copies and be billed for them as an institutional debt. However, as the magistrate judge noted, Plaintiff has not shown that Suriano violated a Court order. Even if Plaintiff is correct that Suriano violated the Policy Directive, Plaintiff's request for an order of contempt would be meritless.

Fourth, Plaintiff reprises his belief that "[o]nce its proven that Suriano and Goldberg violated [his] First and Fourteenth Amendment [rights] . . . by not providing copies . . . the motion for contempt is valid as well as the need for the injunction." The Court need not respond to this hypothetical assertion; it may act only on the record now before it.

Fifth, Plaintiff requests that copies of his exhibits be made and resubmitted for reconsideration of his motions for an injunction and for contempt. This request is denied.

## IV.

**IT IS ORDERED THAT:**

Plaintiff's objections (ECF No. 134) lack merit and are therefore **OVERRULED**.

The Court **ADOPTS** the Report and Recommendation (ECF No. 129) as the Opinion of the Court.

Accordingly, Plaintiff's motions (ECF Nos. 110, 117, 118) are **DENIED**.

**IT IS SO ORDERED.**

Date:  January 17, 2019                             /s/ Paul L. Maloney  
                                                                                     Paul L. Maloney  
                                                                                     United States District Judge