UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALBERT REGINALD ROBINSON,  )
      Plaintiff,  )
        )  No. 2:16-CV-226
v.  )
        )  HONORABLE PAUL L. MALONEY
ADAM KANDULSKI, ET AL.,  )
      Defendants.  )
        )

## ORDER

### I. Background and Procedural Posture

This is a civil rights action brought by a *pro se* state prisoner under 42 U.S.C. § 1983. Plaintiff alleges that Defendants Merling and Filion conspired to deprive him of medical care for his enlarged prostate and that other Defendants in the suit denied him the use of the bathroom except during specific times because of his race. All Defendants have filed for summary judgment.

United States Magistrate Judge Timothy Greeley issued an R & R recommending that the Defendants' motion for summary judgment be granted. Now pending before the Court are Plaintiff's objections. Because they lack merit, the Court will overrule the objections and adopt the R & R as the opinion of the Court.

### II. Legal Framework

The Court is required to make a de novo determination of those portions of the R & R to which specific objections have been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues

of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## III. Discussion

Plaintiff has filed several numbered objections to the magistrate judge's Report and Recommendation.

Plaintiff's first objections deal with the onset of his BPH. In a previous Opinion, the Court rejected Plaintiff's claim that he had developed BPH prior to 2-25-15, as the medical records showed that his prostate appeared normal on that date. Plaintiff is not entitled to relitigate a factual finding made by the Court in a previous opinion. Thus, Objections 2 through 4 are without merit.

The next several objections are conclusory and do not warrant de novo review. Objection 5 accuses the magistrate judge of discrimination and overlooking Plaintiff's evidence. Objection 6 proceeds in a similar fashion, accusing the magistrate judge of bias because "multiple denials of bathroom are not limited time period[.]" Objection 7 states "I object to Page 10 because I was never offered any option for bathroom use. other than urinate on myself." Objection 8 similarly accuses the magistrate judge of bias because the R & R did not include that Plaintiff urinated on himself. Plaintiff points out that he is black, while all other "players" in the case are white. The Court does not find that any of these objections highlight any error in the factual findings or legal conclusions made by the magistrate judge.

Next, in Objection 9, Plaintiff challenges the R & R's conclusion that his First Amendment Retaliation claim—that Defendants denied him bathroom use because he filed grievances—should not be dismissed. He says that the grievances and denials of bathroom use occurred only days apart. However, Plaintiff has produced no evidence that his exercise of his right to file grievances was a substantial or motivating factor in the alleged retaliatory conduct. In other words, as the magistrate judge concluded, "Plaintiff has simply made a conclusion without any factual basis in support." The magistrate judge properly recommended summary judgment on Plaintiff's First Amendment claim.

Objections 10 and 11 address Plaintiff's Equal Protection claim. He asserts that Judge Greeley ignored declarations from other prisoners that supported his claim that there was an unofficial top-of-the hour bathroom policy for black inmates. However, the declaration on the record from Demarey Mitchell does not support Plaintiff's 14th Amendment claim. Mitchell merely claims that he, too, has been denied use of the bathroom. Mitchell's declaration does not address race whatsoever and cannot create a genuine dispute of fact as to whether Plaintiff and Mitchell were—other than their race— similarly-situated in all relevant aspects to other prisoners who were allowed to use the bathroom. Additionally, the fact that other prisoners have filed their own suits against various of the Defendants is not evidence that, in this case, Defendants unlawfully discriminated against Plaintiff because he is black. The magistrate judge properly recommended summary judgment.

Finally, Objections 12 and 13 merely object to the outcome recommended by the magistrate judge. These objections introduce no new argument not addressed in the other objections.

**IT IS THEREFORE ORDERED THAT:**

The Court **ADOPTS** the Report and Recommendation (ECF No. 153) as the Opinion of the Court. Plaintiff's objections (ECF No. 156) to the Report and Recommendation are **OVERRULED.** Defendants' motion (ECF No. 138) for summary judgment is **GRANTED.**

**JUDGMENT TO FOLLOW.**

Date: February 4, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge